[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 6220-o
The plaintiff has brought this action to foreclose a mortgage of the defendant, Salem Development Corporation, as to a property known as lot no. 3 in a subdivision in North Branford known as Salem Estates.
Defendants OmniBank of Connecticut, Inc., now known as New England Savings Bank, and North American Bank and Trust Company (the bank") urge that the mortgage deed by the plaintiff is subordinate to mortgages securing the first $207,000.00 of value of the subject lot, and that they hold such mortgages.
The parties have presented a stipulation of facts and request that this court determine this issue of priorities. It has been stipulated that the case will then be resolved by the filing of a motion for judgment of strict foreclosure. The special defenses of OmniBank have been withdrawn.
In accordance with the stipulation of the relevant parties, CT Page 6220-p the court finds the facts to be as follows:
 1. On July 10, 1987 Salem Development Corporation executed a mortgage to Wendell J. Rice relating to certain property located in North Branford, Connecticut known as lot No. 3 of "Salem Estates." this mortgage was assigned to the plaintiff, Helen O. Rice, on the same date. Said assignment was recorded on July 13, 1987 in volume 175, page 742 of the North Branford Land Records. Further, said mortgage matured on July 10, 1988.
 2. The plaintiff instituted this action for foreclosure of her mortgage by writ dated August 1, 1991 and made returnable on September 24, 1991.
 3. The defendant, OmniBank of Connecticut, Inc. n/k/a New England Savings Bank, holds a mortgage on the subject premises dated January 31, 1991 and recorded in volume 192, page 114 of the North Branford Land Records. CT Page 6220-q
 4. The defendant, North American Bank and Trust Company, held a mortgage on the subject premises dated February 11, 1988 and recorded in volume 186, page 429 of the North Branford Land Records. This mortgage was assigned to OmniBank of Connecticut, Inc. on April 16, 1993.
 5. All of the defendants to the action have been defaulted with the exception of OmniBank of Connecticut, Inc. n/k/a New England Savings Bank, which filed its answer and special defenses on November 19, 1992.
 6. At the time of the execution of the North American Bank and Trust Company mortgage and the OmniBank of Connecticut, Inc. mortgage, the mortgage to the plaintiff was in default.
 7. There is now due and owing to the plaintiff, Helen O. Rice, on the note and mortgage the principal CT Page 6220-r sum of $40,000.00 together with interest thereon in accordance with the terms of the note from February 10, 1989 to the present, together with costs and expenses of this action including reasonable attorneys' fees.
 8. The parties agree that the plaintiff is entitled to a judgment of strict foreclosure; however, the parties disagree as to the determination of priorities based on the language of the subordination clause in the plaintiff's mortgage, which clause reads:
 "The grantee agrees to subordinate this mortgage to any mortgage or mortgages obtained by the grantor, provided that the total balance of all mortgages to be prior in right to this mortgage shall not exceed $207,000.00 per lot."
9. On March 30, 1993 OmniBank of Connecticut, Inc. CT Page 6220-s demanded that Helen Rice subordinate the mortgage which is the subject of this foreclosure.
Though the parties stipulated that the court's consideration was to be limited to the stipulated facts, both parties have, in their briefs, attempted to rely on facts not presented in the stipulation. The court will not advert to any of these facts but will give effect to the stipulation of the parties. The court specifically does not rely on any evidence of reliance by the bank.
The plaintiff has not contested OmniBank's standing to enforce the subordination clause as a third-party beneficiary, nor has she asserted that the subordination clause is not binding upon her as the assignee of the mortgage. Rather, the plaintiff's position is that the agreement to subordinate was not self-executing but constituted an obligation to execute a subordination agreement in the future. The plaintiff claims that because she was not presented with such a document concerning the OmniBank mortgage, the subordination never occurred, and her mortgage has priority. CT Page 6220-t
Alternatively, the plaintiff claims that the agreement to subordinate contained an implied condition precedent, that is, that the mortgagee was agreeing to subordinate only if the mortgagor was not in default at the time of the request to subordinate.
The bank takes the position that the subordination clause is complete and enforceable on its face, that it states no condition precedent, and that the plaintiff would be unjustly enriched if it were not given effect, since her loan would acquire a greater degree of security than was bargained for.
The provisions of mortgages are subject not only to certain statutory provisions, but also to the same principles of construction as contracts. See, e.g. Dugan v. Grzybowski,165 Conn. 173, 178-180 (1973). When contract language is clear and unambiguous, the, contract will be given effect according to its terms. As the Supreme Court observed in Barnard v. Barnard,214 Conn. 99, 110, "a court will not torture words to impart ambiguity where the ordinary meaning leaves no room for CT Page 6220-u ambiguity, and words do not become ambiguous simply because lawyers or laymen contend for different meanings."
The agreement to subordinate at issue here does not, it is true, include a statement that the provision is to be "self-executing," like the subordination clause given effect by Judge Celotto in Connecticut Housing Finance Authority v. Reed, Docket No. 91-031071-S (J.D. New Haven, June 24, 1991) nor a statement that it was "automatically subordinated" to a further mortgage, like the clause at issue in First Connecticut Small Business Investment Co. v. Arba, Inc., 170 Conn. 168, 172 (1976).
The words actually used, however, are unambiguous. The grantee reserved no conditions but agreed "to subordinate this mortgage to any mortgage or mortgages by the grantor" to the extent of $207,000.00 per lot. [emphasis supplied]. The plaintiff's claim that a further subordination agreement was required to effectuate the clause is not reflected by the text of the agreement. At any rate, it has been stipulated that when the bank demanded subordination, the plaintiff refused. Even if the plaintiff's interpretation were correct and a further document CT Page 6220-v were required to identify a particular mortgage to which the plaintiff agreed to subordinate her mortgage, the agreement to subordinate to "any" mortgage to the extent of $207,000.00 per lot would require the plaintiff to execute such a document, achieving the same result as recognizing the plaintiff's agreement to subordinate from the text of the mortgage.
The court is not convinced by plaintiff's contention that the subordination clause should be read as including a condition that subordination would occur only if the mortgagor were not already in default at the time of entering into another mortgage. No such condition is stated in the subordination clause. Since the context of the mortgage held by the plaintiff appears to have been the development of lots, it was certainly within the contemplation of the parties to the agreement that the mortgagor was going to need to borrow from others to complete the project, and that the only limitation agreed to in the context of the first mortgage was that the plaintiff's mortgage would be second to $207,000.00, not second to the whole amount of any subsequent mortgage. CT Page 6220-w
It is well settled that courts cannot supply contract terms that are not stated in the agreement of the parties and that do not arise by necessary implication from the provisions of the instrument. Eastern Bus Lines, Inc. v. Board of Education,7 Conn. App. 581, 587 (1986); Texaco, Inc. v. Rogow, 150 Conn. 401,408 (1963). Since the condition now favored by the plaintiff is not stated in the mortgage document, and since subordination agreements, by their nature, apply to create a disadvantage in circumstances of default, there is no necessity to infer such a condition.
The plaintiff's reliance on Judge Leuba's ruling in New England Savings Bank v. Village Brook Plaza Limited Partnership,3 Conn. L.Rptr. 121 (New London J.D., Jan. 4, 1991) is misplaced. The subordination provision at issue in that case specifically provided that "[s]ubordination shall be effected by execution of a subordination agreement provided by Buyer at Buyer's expenses . . .", and the court found that although such a document was prepared, it was never executed. Since the cited condition had to be given effect, Judge Leuba found that the subordination CT Page 6220-x provision could not be viewed as self-executing, as in First Small Business Investment Company v. Arba, Inc., supra. Similarly, in The Connecticut Bank and Trust Company, N.A. v. Trolley Barn Corporation, 3 Conn. L.Rptr. 588, 592 (J.D. New London, Jan. 4, 1991), Judge Leuba's refusal to grant a motion for summary judgment to give effect to a subordination agreement resulted from his finding that there was an issue of fact as to whether the conditions stated in the text of the agreement had been fulfilled.
The court finds that, by operation of the subordination clause in the mortgage held by the plaintiff, the plaintiff's position is subordinate to the first $207,000.00 of the mortgage held by OmniBank of Connecticut, Inc., now known as New England Savings Bank.
The case shall proceed by motion for judgment of foreclosure, pursuant to the stipulation of the parties.
Beverly J. Hodgson Judge of the Superior Court CT Page 6220-y